■ PHILIP W. BURDICK, Respondent, v. FREDERICK J. MURRAY et al., Appellants.— Order modified by striking therefrom the words: "unless both the plaintiff and the defendants stipulate and agree, on or before March 12, 1957, that the plaintiff recover $6,000 as damages, in which event the motion is denied" and by substituting in place thereof, following the word "granted" the words: "on the ground of inadequacy.", and as so modified the order is affirmed, without costs of this appeal to any party. Memorandum: The order appealed from is unusual in that it grants the plaintiff's motion to set aside the verdict on the ground of inadequacy "unless both plaintiff and defendants stipulate and agree, on or before March 12, 1957, that the plaintiff recover $6,000 as damages, in which event the motion is denied." A trial justice may, of course, set aside a verdict on the ground of inadequacy and attach a condition that a new trial be had unless the defendant stipulate that it be increased to an amount specified by the trial justice. In this case the verdict of the jury was $3,000, and inasmuch as the defendant has not stipulated to increase it to $6,000 but has appealed from the order, the language which we have stricken from the order may be regarded as surplusage. Upon the record and upon a completely independent evaluation of the damages, we find that the verdict was inadequate and we affirm the order, as modified. All concur. (Appeal by defendants from an order of Oneida Trial Term setting aside the verdict of a jury in favor of plaintiff for $3,000, and granting a new trial unless both parties stipulate that plaintiff recover $6,000 as damages, in an automobile negligence action.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

■ In the Matter of the Construction of the Will of MARGARET M. McCARRIAGHER, Deceased. JAMES T. SWEENEY, as General Guardian of MARY R. SWEENEY and Others, Infants, Appellant; PERCIVAL G. BIXBY et al., as Executors of MARGARET M. McCARRIAGHER, Deceased, et al., Respondents.— Decree affirmed, with costs to all parties filing briefs payable out of the estate. All concur. (Appeal from a decree of Erie Surrogate's Court construing a will.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES L. MAULT, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment of Onondaga County Court convicting defendant of the crime of murder, second degree.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ CHARLES F. SABATINI, Respondent, v. EDWARD J. CARNEGIE, Appellant, et al., Defendants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Seneca Special Term striking out the answer of defendant Carnegie and directing judgment against said defendant on motion by plaintiff.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ PETER V. SWANZ, Respondent, v. HYDRO CONSTRUCTION Co., INC., Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ HARRY O. PORTER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 32385.) — Judgment affirmed, with costs. All concur. (Appeal from a judgment of the Court of Claims for claimant on a claim to recover damages for loss of services of, and medical attendance for, claimant's wife, alleged to have resulted by reason of an assault by an escapee from the State Agricultural and Industrial School at Industry, New York.) Present — Kimball, J. P., Williams, Bastow and Halpern, JJ.